```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Benjamin D. Goldberg,              :

      Plaintiff,                 :

   v.                              :       Case No. 2:10-cv-553

Michael J. Astrue,                 :       JUDGE FROST
Commissioner of Social Security,
                                :

      Defendant.                 :

## REPORT AND RECOMMENDATION

This is a social security case. On June 17, 2010, the Court directed plaintiff to file a statement of errors within 30 days after the administrative record was filed. Plaintiff's brief was due on September 15, 2010. On September 22, 2010, this Court noted that no statement of errors had been filed, and ordered plaintiff to file a statement of errors within 21 days or face dismissal of this action without prejudice for failure to prosecute. Plaintiff has not responded to that order.

If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). <u>Link v. Wasbash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985). Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief. <u>Dynes v. Army Air Force Exchange Service</u>, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see <u>Harris v. Callwood</u>, No. 86-4001 (6th Cir. April 21, 1988), but that requirement is met if the Court affords a plaintiff a

reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam).  Such a dismissal is also appropriate for failure to respond to a summary judgment motion.  See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

The facts of this case indicate a clear failure to prosecute.  The Court specifically advised plaintiff in two prior orders of the date by which a statement of errors was due, and the last order advised that this action would be dismissed if plaintiff failed to respond.  Because none of those orders was returned as undeliverable, the Court assumes that plaintiff received them.  Plaintiff has not offered any explanation for the failure to respond. Therefore, the Court can only conclude that the failure is intentional.  An intentional failure to respond to a court order is sufficient justification for a dismissal.

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence

or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge